# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

  v.

**JACINTO GUTIERREZ PEMIENTA,**
*also known as*
JUAN SANTAGUIN,

      **Defendant.**

:

:

:

**Case No. 2:20-cr-28**
**Judge Sarah D. Morrison**

## OPINION AND ORDER

This matter is before the Court on Defendant Jasinto Gutierrez Pemienta's *pro se* Motion for Compassionate Release[1] (ECF No. 41) and the Government's response (ECF No. 42). A court may reduce a term of imprisonment if it: (i) finds that "extraordinary and compelling reasons" warrant the reduction; (ii) ensures the reduction is "consistent" with applicable Sentencing Commission policy statements; and (iii) considers the relevant 18 U.S.C. § 3553(a) factors. *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020) (quoting 18 U.S.C. § 3582(C)(1)(A)(i)). On an inmate-filed motion for compassionate release, "district courts have discretion to define 'extraordinary and compelling' on their own initiative." *United States v. Elias*, 984 F.3d 516, 519–20 (6th Cir. 2021).

---

[1] Mr. Pemienta signed the Motion under his alias, Juan Santaguin. (*See* ECF Nos. 13, 14.)

Mr. Pemienta asks the Court to reduce his 90-month sentence by 30 months.[2] (ECF No. 41.) He argues that the COVID-19 pandemic worsened prison conditions such that a shorter sentence now achieves the same level of deterrence as a longer sentence served before the pandemic; that he completed the Non-Residential Drug Treatment Program but was ineligible to complete the Residential program; that FCI Fort Dix, where he is housed, lacks air conditioning; that FCI Fort Dix lacks sufficient programs and classes; that he has been a helpful and productive inmate at FCI Fort Dix; and that he is rehabilitated and wants to return to his family. (*Id.*)

---

[2] Mr. Pemienta seems to believe that his 90-month sentence is the result of two consecutive sentences that, if ordered to run concurrently, would be a 60-month sentence. But this Court sentenced Mr. Pemienta for a single offense: On Count One of the Information (Conspiracy to Possess with Intent to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii)), Mr. Pemienta was sentenced to 90 months in prison followed by five years of supervised release. (ECF No. 34.) To the extent Mr. Pemienta believes he is subject to two consecutive carceral sentences handed down by this Court, he is mistaken.

Even accepting Mr. Pemienta's arguments at face value, he has not presented extraordinary and compelling reasons for a sentence reduction. *See United States v. Hunter*, 12 F.4th 555, 562 (6th Cir. 2021) (looking to the ordinary meaning of "extraordinary and compelling"); 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."); *cf. United States v. Shope*, No. 2:12-cr-48, Docket No. 52 (S.D. Ohio *filed* Aug. 27, 2020) (finding that wheelchair-bound amputee with ongoing medical needs requiring attention beyond BOP capabilities presented extraordinary and compelling reasons). His Motion is **DENIED**.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**

3